IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KAREN OWENS,

  Plaintiff,

v.            CV 211-196

PINELAND MENTAL HEALTH,
MENTAL RETARDATION &
SUBSTANCE ABUSE SERVICES,

  Defendant.

**O R D E R**

Presently pending before the Court are Defendant Pineland Mental Health, Mental Retardation & Substance Abuse Services' ("Pineland") partial motion to dismiss (doc. no. 10) and Plaintiff's motion for leave to dismiss the complaint without prejudice (doc. no. 16). For the reasons set forth below, these motions are **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND[1]

This case arises from Plaintiff's termination from her position as a Social Services Technician with Pineland. As a

---

[1] In deciding this motion to dismiss, the Court must accept all facts alleged in the Second Amended Complaint as true and must construe all reasonable inferences in the light most favorable to the non-movant. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

Social Services Technician, Plaintiff assisted numerous clients suffering from mental disabilities and emotional disorders. Plaintiff herself suffers from a physical condition known as Ataxia, which causes a lack of muscle coordination during voluntary movements. According to the Complaint, Pineland was fully aware of Plaintiff's disability during the course of her employment. Indeed, in order to accommodate Plaintiff's Ataxia, Pineland did not require Plaintiff to write her reports and instead allowed other staff members to draft them.

On January 20, 2011, Pineland allegedly terminated Plaintiff on account of her Ataxia. At the time of her termination, Plaintiff had worked at Pineland for approximately six years. As a result of her termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and subsequently received a right to sue letter. On November 17, 2011, Plaintiff filed suit in this Court alleging that Pineland terminated her employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Georgia Fair Employment Practices Act ("FEPA"). Additionally, she raised claims for intentional infliction of emotional distress, fraud, and breach of an implied contract of fair dealing.

On December 23, 2011, Pineland filed a partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1),

12(b)(2), and 12(b)(6). (Doc. no. 10.) Specifically, Pineland seeks dismissal of the FEPA claim, as well as the state law claims for intentional infliction of emotional distress, fraud, and breach of an implied contract.

On January 13, 2012, the day after her response to the motion to dismiss was due, Plaintiff filed a notice of voluntary dismissal without prejudice. (Doc. no. 15.) A week later, on January 20, 2012, Plaintiff filed a motion to dismiss the complaint without prejudice. (Doc. no. 16.) Pineland opposes Plaintiff's motion for voluntary dismissal without prejudice on the ground that Plaintiff failed to provide any explanation as to why the complaint should be dismissed. Moreover, Pineland argues that the Court should rule on its pending motion to dismiss the claims *with prejudice* as opposed to dismissing the claims *without prejudice*.

## II. DISCUSSION

### A. Plaintiff's Rule 41(a) Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a complaint under certain circumstances. A plaintiff, however, does not have an unfettered right to obtain voluntary dismissal without prejudice. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th

Cir. 1976).² Instead, Rule 41(a)(2) provides that "[a]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Because Rule 41(a)(2) exists primarily for the protection of the defendant, the Court must carefully consider the consequences that a dismissal *without* prejudice will have on the defendant. LeCompte, 528 F.2d at 604. Therefore, the question before this Court is whether the complaint should be dismissed with or without prejudice.

As an initial matter, Pineland's partial motion to dismiss does not seek dismissal of Plaintiff's ADA claim, and thus that claim is **DISMISSED WITHOUT PREJUDICE.** With regard to the remaining claims, the Court finds it prudent to rule on the merits of Pineland's motion to dismiss rather than grant Plaintiff's motion for voluntary dismissal without prejudice. If the remaining claims should be dismissed for failing to state a claim pursuant to Rule 12(b)(6), Plaintiff should not be allowed to escape dismissal of those claims with prejudice simply because she now seeks to dismiss them without prejudice. Therefore, the Court will examine the merits of Pineland's motion to dismiss.

---

² See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

## B. Defendant's Rule 12(b)(6) Motion to Dismiss

### 1. Motion to Dismiss Standard

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

## 2. Georgia Fair Employment Practices Act Claim

In her Complaint, Plaintiff alleges that Pineland's actions violated the Georgia FEPA. Pineland, however, contends that in order to bring a FEPA claim, Plaintiff must first exhaust her administrative remedies by filing a complaint with the Georgia Commission on Equal Opportunity ("GCEO"). Because there is no evidence that Plaintiff filed a complaint with the GCEO, Pineland contends that the FEPA claim must be dismissed.

The Court is inclined to agree with Pineland's argument. O.C.G.A. 45-19-36(a) "addresses the filing of administrative, *rather than judicial complaints*." Solomon v. Hardison, 746 F.2d 699, 704 (11th Cir. 1984) (emphasis added). This provision requires a plaintiff to file a complaint with an administrator who then determines whether reasonable cause exists to support an unlawful employment practice claim. Id. "The filing of suit in court occurs *only after* the aggrieved individual has proceeded through the administrative framework . . . ." Id. (emphasis added); see also Edwards v. Shalala, 846 F. Supp. 997, 1001 n.7 (N.D. Ga. 1994) ("Under Georgia's FEPA, complainants must, as in Title VII cases, go through administrative procedures and cannot institute suit unless and until an unfavorable decision is made by the administrative body.")

Plaintiff cites Williams v. Dep't of Human Res., 258 Ga. App. 113 (2002), for the proposition that "there is no

6

requirement, legal or administrative, that Plaintiff raise alleged violations of FEPA . . . in order to file a claim for violation of the same." (Doc. no. 18 at 5.) However, <u>Williams</u> is inapposite because the plaintiff in that case did not assert a FEPA claim. Moreover, to the extent that the Georgia Court of Appeals discussed FEPA, it did so only to determine whether the State of Georgia, in enacting FEPA, had waived sovereign immunity as to federal disability discrimination claims. Nowhere in its opinion did the court address FEPA's administrative requirements or signal that a plaintiff may file suit without first seeking relief with the GCEO.

The clear language of FEPA requires an adverse judgment by an administrator *prior* to the filing of a judicial claim. Plaintiff does not allege that she exhausted her administrative remedies prior to bringing her FEPA claim. Indeed, Plaintiff's Complaint only indicates that she received a right to sue letter from the EEOC; it says nothing regarding a claim filed with the GCEO. Because Plaintiff failed to exhaust her administrative remedies, her claim pursuant to Georgia's FEPA is **DISMISSED WITH PREJUDICE**.

3. <u>Intentional Infliction of Emotional Distress</u>

Pineland asserts that Plaintiff's claim for intentional infliction of emotional distress is barred by the doctrine of sovereign immunity. The Court, however, need not resolve the

sovereign immunity issue because Plaintiff failed to properly plead her claim for intentional infliction of emotional distress.

Federal Rule of Civil Procedure 8 requires that a plaintiff plead "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While this pleading standard does not require detailed factual allegations, labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do. . . ." Twombly, 550 U.S. at 545. In order to recover for intentional infliction of emotional distress under Georgia law, a plaintiff must prove: (1) that the defendant engaged in intentional or reckless conduct; (2) that the conduct was extreme and outrageous; (3) that there is a causal connection between the wrongful conduct and plaintiff's emotional distress; and (4) that plaintiff's emotional distress is severe. Abdul-Malik v. AirTran Airways, 297 Ga. App. 852, 856 (2009).

Plaintiff's Complaint lacks factual allegations supporting her claim for intentional infliction of emotional distress. Instead, Plaintiff's Complaint only sets forth legal conclusions. This method of pleading does not comply with the standard set forth in Rule 8, and therefore this claim should be dismissed. Had Plaintiff not filed her own motion for voluntary

8

dismissal without prejudice, the Court would have afforded her with an opportunity to amend the Complaint to provide proper factual support for this claim. Therefore, Plaintiff's intentional infliction of emotional distress claim will be **DISMISSED WITHOUT PREJUDICE**. However, any subsequent complaint must comply with the pleading requirements of Rule 8 in order to avoid dismissal.

4. Fraud

Pineland asserts that, like the claim for intentional infliction of emotional distress, Plaintiff's fraud claim is barred by the doctrine of sovereign immunity. In the alternative, Pineland argues that Plaintiff failed to plead her fraud claim with requisite specificity.

"[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To sufficiently plead a claim for fraud, a plaintiff must establish five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." Kabir v. Statebridge Co., LLC, No. 1:11-CV-2747, 2011 WL 4500050, at *6 (N.D. Ga. Sept. 27, 2011) (quoting Baxter v. Fairfield Fin. Servs., 307 Ga. App. 286, 293 (2010)). This rule alerts defendants to the precise misconduct with which they are charged

9

and protects defendants against spurious charges of fraudulent behavior. Steinberg v. Barclay's Nominees, No. 04-60897, 2008 WL 4601043, at *11 (S.D. Fla. Sept. 30, 2008) (citing Brooks v. Blue Cross Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997)). The Eleventh Circuit has held that compliance with Rule 9(b) requires a complaint to set forth the following:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Kabir, 2011 WL 4500050, at *6.

Here, Plaintiff's claim lacks the heightened level of specificity required by Rule 9. In fact, Plaintiff's Complaint only contains a passing reference to a fraud claim. Specifically, Plaintiff alleges that the "Court has ancillary jurisdiction over Plaintiff's state law claims, which include . . . [the] fraud [claim]." (Compl. ¶ 2.) This general allegation of fraud does not alert Pineland to the misconduct with which it is charged. As with the claim for intentional infliction of emotional distress, the Court would ordinarily provide Plaintiff with the opportunity to amend her complaint to comply with Rule 9. However, because Plaintiff seeks to dismiss

her Complaint without prejudice, the fraud claim will be **DISMISSED WITHOUT PREJUDICE.** Plaintiff is cautioned that any subsequent complaint must contain sufficient factual support to comply with Rule 9, and failure to do so will result in a dismissal with prejudice.

> 5. Breach of Implied Contract of Good Faith and Fair Dealing

Pineland also contends that Plaintiff's claim for breach of the implied contract of fair dealing should be dismissed with prejudice. Under Georgia law, "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches & Ministries, Inc., 291 Ga. App. 808, 810 (2008) (internal citations omitted). As Pineland correctly contends, this implied covenant cannot be breached independently of other terms of the contract. See Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) ("[The implied covenant of good faith and fair dealing] is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure. But it is not an undertaking that can be breached apart from those terms.") (citations omitted); see also Benjamin v. BAC Home Loans Serv., LP, 2:11-cv-101, 2012 WL 1067999, at *5 (S.D. Ga. Mar. 29, 2012)

11

("[t]here is no independent cause of action for breach of the covenant of good faith and fair dealing under Georgia law.") (internal citation omitted). "Thus, in order to state a claim for breach of the implied duty of good faith and fair dealing, a plaintiff must set forth facts showing a breach of an actual term of an agreement." Am. Casual Dining, LP v. Moe's Sw. Grill, LLC, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006); see also TechBios, Inc. v. Champagne, 301 Ga. App. 592 (2009) (denying motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing after finding that plaintiff had stated a claim for breach of contract).

Plaintiff's Complaint is wholly insufficient under the standard articulated above. As with the claims for fraud and intentional infliction of emotional distress, Plaintiff's claim for breach of the implied contract of good faith and fair dealing appears as a passing reference in her statement of jurisdiction. Nowhere does Plaintiff plead a breach of contract claim that would support a claim for breach of the implied covenants that accompany the performance of that contract. As a result, this claim is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff re-file this action, the new complaint must cure the deficiencies identified herein to avoid dismissal with prejudice.

### III. CONCLUSION

Based on the foregoing, Pineland's motion to dismiss (doc. no. 10) and Plaintiff's motion to dismiss (doc. no. 16) are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim pursuant to Georgia's FEPA is **DISMISSED WITH PREDJUICE**. The remaining claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 13th day of July, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA